No. 93-492

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

     Plaintiff and Respondent,

  v.

RODNEY NELSON SANFORD,

     Defendant and Appellant.

FILED

SEP 12 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Carbon,
The Honorable Robert W. Holmstrom, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Richard J. Carstensen, Attorney at Law,
          Billings, Montana

     For Respondent:

          Hon. Joseph P. Mazurek, Attorney General,
          George Schunk, Assistant Attorney General,
          Helena, Montana

          A. W. "Tony" Kendall, County Attorney,
          Kent E. Young, Deputy County Attorney,
          Red Lodge, Montana

Submitted on Briefs:  June 16, 1994

Decided:  September 12, 1994

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Rodney Nelson Sanford appeals from a May 3, 1993, order of the Thirteenth Judicial District Court, Carbon County, denying his motion to continue and subsequent guilty verdict following nonjury trial. We affirm the District Court.

The following issues are raised on appeal:

1. Did the District Court abuse its discretion or prejudice defendant by denying his motion for a continuance?

2. Did the District Court abuse its discretion by trying defendant in absentia?

On October 29, 1990, Officer Steven Williams of the Carbon County Sheriff's Department cited Sanford with driving under the influence of alcohol or drugs. With the assistance of Officer Kelly Hagan of the Red Lodge Police Department, Officer Williams transported Sanford to jail in Red Lodge. Officer Williams subsequently cited Sanford with misdemeanor assault for allegedly poking Williams in the eye. The State additionally charged Sanford with driving without a license and driving without proof of insurance. On October 30, 1990, Sanford pled guilty to driving without a license, and not guilty to the other charges.

The Justice Court held trial in a handicap accessible county building following Sanford's request for accommodation. Sanford's physical condition, as verified by Dr. Richard A. Nelson's statement to the court, necessitated his use of a wheelchair. The jury found Sanford guilty of the offenses of driving under the

2

influence and misdemeanor assault, and the Justice Court entered judgment.

Sanford appealed to the District Court. Between July 1991 and January 1993, the District Court set seven separate dates for trial. With the exception of the December 1992 trial date, Sanford moved to continue before each trial and made each motion between four and eleven days before the scheduled date:

| Date of Trial | Date Motion Filed |
|---------------|-------------------|
| 09/03/91 | 08/29/91 |
| 11/12/91 | 11/08/91 |
| 03/16/92 | 03/12/92 |
| 05/26/92 | 05/20/92 |
| 09/08/92 | 08/28/92 |
| 12/14/92 | none |
| 05/03/93 | 04/28/93 |
| 05/03/93 | 05/03/93 |

The District Court granted each motion except that made on April 27, 1993. Additionally, the District Court continued the December 1992 trial on its own motion after Sanford's court-appointed counsel requested leave to withdraw due to a family emergency.

At issue on appeal is the District Court's denial of the April and May 1993 motions to continue the May 3 trial. In an unsworn document dated May 3, Sanford alleges that on April 21 he slipped and fell in the bathtub, severely injured his tailbone, and "has not been able to reasonably walk, sit, get around of [sic] take care of himself . . . ." Instead of seeking immediate medical attention, Sanford waited until April 27 and kept a previously

3

scheduled appointment with Dr. Leland E. Stanley.  Sanford attached

the following unsworn statement of Dr. Stanley to the motion:

> TO WHOM IT MAY CONCERN
>
> I have seen Mr. Sanford on 4/27/93.  It appears that he
> would be unable to be at trial on Monday, 5/3/93 because
> of severe muscle spasms and pain in his back, neck, and
> buttocks.  Recently he had an accident and probably has
> a broken coccyx and this also adds to the problem.  It
> will probably be at least 2-3 weeks before he is well
> enough to attend trial.

Sanford additionally went to the Poly Drive Family Practice and

obtained the following unsworn statement of Dawna Lynn Wells,

Physician's Assistant - Certified:

> TO WHOM IT MAY CONCERN:
> RE: RODNEY SANFORD
>
> This letter is to inform you that due to health reasons,
> Rodney Sanford is unable to appear in court Monday, May
> 3, 1993.  It will probably be about 2 weeks before he is
> well enough to attend.

The transcript of the May 3 nonjury trial shows that Sanford's

attorney telephoned the District Court and the State on April 27 to

inform them that a motion to continue would be sought due to

Sanford's alleged physical condition.  Sanford filed the motion

with the District Court on April 28.  The State objected to the

motion.

Soon after the motion was filed, the District Court suggested

that a telephone deposition of Dr. Stanley be arranged.  The

attorneys, the court, and Dr. Stanley participated in a telephone

conference on Friday, April 30.  No court reporter attended the

conference, and a formal deposition was not obtained.  At the end

4

of the telephone conference, the court denied Sanford's motion to continue.

Sanford failed to appear in person at trial on Monday, May 3. Sanford's attorney appeared, renewed the motion to continue, and, in support of the motion, provided the court and the State with copies of an unsworn affidavit and the unsworn medical statements. The State objected to the introduction of the unsworn documents and to the motion. After brief statements from both sides, the court denied the motion to continue and directed the State to proceed with its case against Sanford.

Neither party made opening statements. The State called Officers Williams and Hagan who testified on direct examination. Sanford's attorney chose not to cross-examine either of the State's witnesses. Sanford's attorney called no witnesses and introduced no evidence. The District Court found Sanford guilty of driving under the influence and misdemeanor assault and entered judgment.

## ISSUE 1

Did the District Court abuse its discretion or prejudice the defendant by denying his motion for a continuance?

The granting of a continuance is not a matter of right with a criminal defendant, State v. Walker (1987), 225 Mont. 415, 419, 733 P.2d 352, 355, but is a matter vested in the sound discretion of the trial court. State v. Haskins (1992), 255 Mont. 202, 207, 841 P.2d 542, 545. The decision of the trial court will not be disturbed on appeal absent a clear abuse of discretion or a clear showing of prejudice to the movant. Haskins, 841 P.2d at 545;

State v. LaPier (1990), 242 Mont. 335, 790 P.2d 983, denial of hab. corp. aff'd, LaPier v. McCormick (9th Cir. 1993), 986 F.2d 303. We conclude that the District Court's denial of Sanford's motion for a continuance was not an abuse of its discretion and did not prejudice Sanford's defense.

Sanford argues in his brief on appeal that he "was not present at the trial and could not be there as attested to by his physician and the report of Dawnalynn Wells." At trial, the State clearly disagreed: "[I]t is our opinion that Dr. Stanley did not say that it was impossible for Mr. Sanford to be in Court, but rather said quite the opposite, and said that he should be in Court." As the District Court pointed out, a conference call between Dr. Stanley, the judge, the prosecuting attorney, and the defense attorney took place on April 30, three days before trial. The District Court made the following statement during the May 3 proceedings:

> THE COURT: There was a telephone conversation. What my recollection of <u>Dr. Stanley's testimony was he couldn't, he didn't examine [Mr. Sanford]</u>; and as I say, testimony is probably an unfair characterization because he wasn't under oath. However, I let both Counsel ask him questions and then I asked some.

(Emphasis added). The District Court considered the statements of Dr. Stanley, as well as the circumstances surrounding the motion to continue, and found that no good cause existed to continue the May 3 trial. We hold that the District Court did not abuse its discretion by denying the motions to continue.

Sanford also argues in his brief on appeal "that the prejudice here is obvious." Sanford argues that his alleged physical

6

condition prevented him from being personally present "to participate in his own defense and to present his testimony as to the facts involved." A motion for a continuance, or postponement of trial, "on grounds of the absence of evidence shall only be made upon affidavit showing the materiality of the evidence expected to be obtained and that due diligence has been used to procure it." Section 25-4-501, MCA (emphasis added). Sanford failed, however, to set forth any material facts to support his argument and failed to specifically demonstrate how his testimony would aid in his defense.

Moreover, Sanford failed to adhere to the rules of motion practice by submitting an invalid affidavit to the District Court. See § 25-4-501, MCA. The Montana Legislature defines an affidavit as "a written declaration under oath, made without notice to the adverse party." Section 26-1-1001, MCA (emphasis added). Neither the April 28 nor May 3 motion was accompanied by a sworn affidavit. Sanford's attorney filed a document entitled "Affidavit Supporting Motion For Continuance" with the District Court on May 3. The document, however, failed to contain the signature of a licensed notary public or other designated official. See § 26-1-1003, MCA. Because the document is unsworn, it is not an affidavit. Section 26-1-1001, MCA. Pursuant to § 25-4-501, MCA, the State properly objected to the introduction of the unsworn document as an affidavit.

Assuming that Sanford met the foregoing requirements for a valid motion to continue, the Montana Legislature directs the trial

7

court to consider a motion to continue "in light of the diligence shown on the part of the movant." Section 46-13-202(3), MCA. The statute additionally provides that

> [t]his section shall be construed to the end that criminal cases are tried with due diligence consonant with the rights of the defendant and the prosecution to a speedy trial.

Section 46-13-202(3), MCA (emphasis added). In LaPier, 790 P.2d at 989, we held that the trial court did not abuse its discretion in denying the defendant's motion for a continuance where the request was not timely, the defendant had not been diligent in trial preparation, a postponement would have inconvenienced many witnesses, and the defendant failed to show how he would be prejudiced if a continuance were not granted. LaPier, 790 P.2d at 989.

We conclude that Sanford's April 28 and May 3 motions to continue were not timely. The record on appeal shows that Sanford voluntarily delayed obtaining medical assistance following his alleged April 21 slip and fall injury. Further, Sanford failed to notify his attorney of his alleged injury until April 27, nearly one week after the slip and fall, and less than one week before trial. Because Sanford voluntarily delayed seeking medical assistance and notifying his attorney of his alleged injury, we conclude that postponement of the May 3 trial would have unnecessarily inconvenienced the witnesses who were issued subpoenas and ordered to appear at trial.

8

We further conclude that Sanford was not diligent in trial preparation. Prior to his alleged injury, which occurred 12 days before trial, Sanford did not subpoena any witnesses in his behalf, despite having listed 16 potential witnesses in his February 27, 1992, notice of defense witnesses. The State, on the other hand, diligently prepared for trial and issued four subpoenas to prosecution witnesses on April 23 and one on April 29. Sanford's April 28 and May 3 motions to continue came nearly two and one-half years after the alleged offenses occurred, and two years after trial in Justice Court. Sanford clearly had ample time to fashion a defense. He cannot now claim that but for the trial court's denial of his eleventh hour motions to continue, an adequate defense would have been presented.

Finally, we reject Sanford's contention that the prejudice to him in this case "is obvious." Section 46-13-202(3), MCA, directs that we balance the rights of the criminal defendant with the rights of the State. As discussed above, Sanford failed and continues to fail to provide specific, material facts to support his claim of prejudice.

We affirm the District Court's denial of Sanford's April 28, 1993, and May 3, 1993, motions to continue.

## ISSUE 2

Did the District Court abuse its discretion by trying the defendant in absentia?

Sanford is charged in the instant case with two misdemeanor crimes: assault, § 45-5-201, MCA, and driving under the influence

9

of alcohol or drugs, § 61-8-401, MCA. Section 46-16-122(1), MCA, provides:

> In a misdemeanor case, if the defendant fails to appear in person, either at the time set for the trial or at any time during the course of the trial and if the defendant's counsel is authorized to act on the defendant's behalf, the court shall proceed with the trial unless good cause for continuance exists.

Additionally, § 46-16-123(1), MCA, provides that "[i]n all misdemeanor cases, the verdict may be returned and the sentence imposed without the defendant being present." As discussed above, the District Court properly denied Sanford's motions to continue. Because Sanford does not allege that his attorney acted without authority, we hold that the District Court properly proceeded to trial after denying Sanford's motions to continue.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____

10

Justices

11